J. Q. ADAMS, ET AL., APPELLANTS, VS. W. R. WHITE, AP-
PELLEE.

1. A bill seeking to enjoin judgment and execution, which does not so
   identify these as to make it appear what judgment and execution
   are meant, and which does not limit the prayer for injunction to
   any particular judgment and execution, is demurrable.
2. Mere irregularity in obtaining a judgment is not good ground for
   collateral impeachment of the judgment.
3. It seems that it is not necessary, in order to acquire exemption from
   forced sale of lands patented to a party by the United States
   under the act of Congress of May 20th, 1862, to secure homestead
   to actual settlers on public domain, and acts supplemental there-
   to as to debts incurred prior to the issuance of the patents, that
   there should be residence after such issuance.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* and *J. D. Beggs* for Appellants.

*Harrison & Peeler* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

W. R. White filed his bill in the Circuit Court of Orange
county against J. Q. Adams, Charles H. Rogers and J. C.
Anderson, Sheriff of Orange county.

The bill alleges that J. Q. Adams obtained judgment
against orator on the 4th day of December, 1876, in the
Circuit Court of said county for the sum of $1,669.45, and
that execution was issued thereon July 10th, 1878, "and
sent to J. Q. Adams, plaintiff in the suit aforesaid." The
bill further alleges that J. C. Anderson, Sheriff, has levied
upon certain lands, describing them. It further alleges
that these lands were held by orator by patent from the
United States of June 30th, 1884, in pursuance of the act

of Congress, May 20th, 1862, to secure homesteads to actual settlers on the public domain, and the act supplemental thereto.

It further alleges that the proceedings in obtaining the judgment against him by said Adams were irregular, and prays that the said Anderson, as Sheriff, and the said Adams, and the said Rogers, " be enjoined and prohibited from selling or attempting to sell the aforesaid land," and that said judgment be declared to be absolutely null and void.

The defendants demurred to the bill and the demurrer was overruled.

The appellants assign as error, here: 1st, That the bill does not allege that the Sheriff levied upon the land under the judgment and execution mentioned ; 2d, The bill seeks to have the defendants enjoined from selling the land, claiming the same as exempt as a United States homestead, but does not allege any residence on or occupation of the same by the appellee or his family as a homestead ; 3d, The bill prays that the defendants be enjoined from selling the lands without any reference to the judgment in question ; 4th, The bill seeks to vacate a common law judgment.

The demurrer should have been sustained on the first ground, for the reason that it does not appear by virtue of what judgment and execution the land was levied on. It does not even state that the execution ever came to the hands of the Sheriff, but rather rebuts any presumption that this court might make in that respect by alleging that execution was issued thereon and " sent to J. Q. Adams, the plaintiff." The demurrer should also have been sustained on the 3d ground, for the reason that it did not limit the prayer to restrain the Sheriff to sell under the particular

judgment and execution mentioned.　But it virtually asks that the Sheriff be restrained from selling the land under any or all judgments, without reference to when they were rendered or as to when the debt on which such judgments were founded was incurred.　The demurrer should have been sustained also on the 4th ground, for the reason that mere irregularity does not furnish a sufficient reason for the collateral impeachment of a judgment.　It may be added also that while Rogers was made a party defendant to the bill, nothing is alleged against him in the body of the bill.　We can see no reason why he should have been made a party.

For these reasons the decree must be reversed.

As to the second assignment, as the case must go back for a rehearing, we will suggest that it is provided by subdivision 2, of section 3, of Article IV of the Constitution of the United States, that Congress shall have power to dispose of and make all needful rules and regulations respecting the territory and other property of the United States.　It is also provided by section 7, of the act of March 3d, 1845, entitled "An act for the admission of the States of Iowa and Florida into the Union," that said States of Iowa and Florida are admitted into the Union on the express condition that they shall never interfere with the primary disposal of the public lands lying within them.

The foregoing provisions would fully authorize the Congress of the United States to attach to the grant of the homestead—as it does—the condition that no lands acquired under the said act shall, in any event, become liable to the satisfaction of any debt contracted prior to the issuance of the patent therefor.　U. S. Rev. Stats., § 2296.　There is no provision in said act requiring the homesteader to occupy the premises as a homestead after the issuance of the

patent. It is exempt from all debts contracted by the homesteader before the issuance of the patent, whether occupied by him as a homestead after its issuance or not. See Gibson vs. Chouteau, 13 Wallace, 103 ; Lewton vs. Hower, 18 Fla., 873 ; Gile vs. Hallock, 33 Wisconsin, 523.

Decree reversed.